**Mathilde M. HOFFMAN, Appellant,**

v.

**Karen M. ERMELING and Ronald Ermeling, Respondents.**

No. 58344.

Missouri Court of Appeals, Eastern District, Division Two.

March 26, 1991.

Lester H. Goldman, St. Ann, for appellant.

William W. Brown, Bridgeton, for respondents.

CRIST, Judge.

Appellant, Mrs. Mathilde Hoffman, alleges respondents misappropriated the proceeds of two certificates of deposit at Community Federal Savings and Loan. The trial court found Mrs. Hoffman lacked standing, because she sued in her personal capacity rather than in her capacity as trustee. We reverse and remand.

Mrs. Hoffman was eighty-four years old at the time of trial. Respondent Karen Ermeling is the ex-wife of Mrs. Hoffman's grandson. Karen and this grandson had two daughters, aged eleven and eight years at the time of trial. Karen and Mrs. Hoffman's grandson were divorced in 1984. After the divorce, Karen continued to look after Mrs. Hoffman and helped her manage her affairs. Thereafter, Karen married respondent Ronald Ermeling.

On July 6, 1988, two accounts were opened in the names of Mrs. Hoffman and Karen as trustees for the two minor children of Karen Ermeling and Mrs. Hoffman's grandson. The opening balance in each account was $17,184.88. All the money in both accounts was contributed solely by Mrs. Hoffman. Another account, at Roosevelt Bank, had been opened as a joint account on December 11, 1986. Mrs. Hoffman contributed the entire balance of this account also. Karen closed the first two

accounts on March 29, 1989, and closed the third account on April 4, 1989. The accounts were closed without Mrs. Hoffman's consent. The funds from the first two accounts were transferred to a new account at Community Federal in Karen's name alone. The money from the three accounts was later used as a down payment on a house titled in the names of Karen and Ronald Ermeling.

Mrs. Hoffman asserts the funds were withdrawn without her knowledge and against her will. Respondents contend Mrs. Hoffman granted Karen permission to withdraw the money. The trial court declined to rule on the dispute regarding the first two accounts. It found Mrs. Hoffman had no standing to bring suit in her capacity as an individual. With respect to the Roosevelt Bank account, the trial court found that a fiduciary relationship existed between Mrs. Hoffman and Karen, and that all the funds in the account were contributed by Mrs. Hoffman. The court held that in withdrawing the funds and applying them to her and her husband's personal benefit, Karen Ermeling converted funds belonging to Mrs. Hoffman. The court granted judgment for Mrs. Hoffman in the amount withdrawn. This judgment was not appealed by respondents.

■ The trial court erred in finding Mrs. Hoffman had no standing. Both parties assert, and this court agrees, that the accounts in question were Totten Trusts. *See Blue Valley Federal Savings and Loan Assoc. v. Burrus,* 617 S.W.2d 111, 113 (Mo.App.1981); *First Nat'l Bank of Mexico v. Munns,* 602 S.W.2d 910, 913 (Mo. App.1980). Rather than being irrevocable, such a trust is said to be a tentative trust, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration. *Estate of Bischof,* 770 S.W.2d 474, 476[2] (Mo.App. 1989). In opening each account at Community Federal, both Mrs. Hoffman and Karen Ermeling signed instruments designated "Trust Agreement." The language of these agreements fits within the Totten Trust doctrine. *See Bischof,* 770 S.W.2d 474, 476 n. 2.

■ The language of the trust agreements which is key to our evaluation of Mrs. Hoffman's standing is as follows:

The conditions of this trust are:

(1) The Trustees shall hold, manage, invest and reinvest the trust funds in their sole discretion, or at the discretion of either of them acting alone.

(2) The abovesigned grantors, or either of them, reserve the right to revoke this trust, in part or in full at any time. . . .

It is clear from this language, as well as from the Totten Trust doctrine, that the depositor's power to withdraw funds from the account is unqualified by any of the duties normally required of a trustee. The very nature and purpose of a Totten Trust is to enable the grantor to do with the money as she sees fit, including the revocation of part or all of the trust. We therefore hold that the grantor of a Totten Trust has standing to sue in her personal capacity during her lifetime, or until the gift is completed by some unequivocal act or declaration.

Because the trial court did not rule on the merits of the issues pertaining to these two accounts, that part of the judgment respecting the two accounts at Community Federal is reversed and remanded for a determination on the merits. The transcript of the original trial may be used as evidence, and the parties may introduce such further evidence as the trial court may deem proper and necessary for determination of this matter.

Reversed and remanded.

GARY M. GAERTNER, P.J., and SIMON, J., concur.